PER CURIAM.
This is an appeal by the plaintiffs seeking review of a final judgment after a trial without jury before the court. They urge that the trial court erred in making the following findings of fact:
“The testimony is undisputed that sometime in August, 1970, defendant returned from vacation up north and that upon his return received many complaints from the tenants about the condition of the pool, that the pool had not been cleaned for about six (6) weeks. There had been much previous conflict between employer and employees before this incident, according to the plaintiffs. Defendant confronted plaintiffs with these complaints and thereupon MRS. GOLDMAN threw the management keys at defendant and indicated that she and her husband were through with the management of the building; that defendant could manage the building himself, and that they were then quitting, but would remain on the site and complete the books and records until August 31, 1970. On that day they surrendered the records, and rendered no further services.
“The Court finds that plaintiffs voluntarily terminated their employment with defendant, and were not discharged by him. The defendant had no obligation to continue paying the plaintiffs’ salary, and no contractual obligation ever existed to pay any *14 car allowance or to provide housing accommodations or their value after August 31, 1970.”
Our review of the record shows that the findings of fact were fully supported by the evidence. Therefore, the judgment is affirmed upon the authority of the rule stated in Read v. Frizzell, Fla.1952, 60 So.2d 172.
Affirmed.